### William J. Reichert et al., Appellees, v. Missouri and Illinois Coal Company et al., Appellants.

1. PLEADING—*effect of failure to dispose of demurrer.* If a demurrer is interposed to pleas and not disposed of, the pleas stand as defenses to the declaration.

2. APPELLATE COURTS—*presumptions which aid orders of.* All presumptions will be indulged in support of the action of the Appellate Court in modifying the form of the judgment rendered; notice not shown will be presumed.

3. BONDS—*what will not defeat recovery upon appeal bond.* Any error in the name or names of the parties plaintiff made in the entry of a judgment upon an appeal from which the bond is given, will not defeat a recovery upon such bond in the event of the affirmance of the actual judgment appealed from.

4. TRIAL—*power of court to re-open case.* It is within the discretion of the trial court at the same term to re-open a case and receive additional testimony.

Action of debt. Appeal from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909. Rehearing denied March 22, 1910. *Certiorari* denied by Supreme Court (making opinion final).

L. P. CRIGLER, J. R. McMURDO and N. C. LYRLA, for appellants.

L. D. TURNER and JAMES DILL, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment recovered in an action upon an appeal bond executed by appellants. A jury being waived, the cause was tried by the court and the damages assessed at the sum of $1,471.34. The bond was as follows:

*"Know all men by these presents:*

"That we, Missouri and Illinois Coal Company and the Title Guaranty and Surety Company of the County of St. Clair and State of Illinois, are held and firmly bound unto William J. Reichert and Charles Becker in the penal sum of Two Thousand Dollars for the payment of which well and truly to be made, we and each of us bind ourselves, our heirs, executors and administrators jointly and severally firmly by these presents.

"Sealed with our seals and dated this 20th day of February in the year of our Lord, One Thousand Nine Hundred and Six.

"The condition of the above obligation is such that whereas the said William J. Reichert and Charles Becker did on the 13th day of February, One Thousand Nine Hundred and Six, at a term of the Circuit Court then being holden within and for the Third Judicial Circuit in the County of St. Clair, and State of Illinois, obtain a judgment against the above bounden Missouri and Illinois Coal Company for the sum of fifteen hundred dollars and —— cents, and costs of suit, from which judgment the said Missouri and Illinois Coal Company has prayed for and obtained an appeal to the Appellate Court in and for the Fourth District of said State.

"Now if the said Missouri and Illinois Coal Company shall duly prosecute said appeal and shall moreover pay the amount of said judgment and costs, in-

terest and damages, rendered and to be rendered against it the said Missouri and Illinois Coal Company in case the said judgment shall be affirmed in the said Appellate Court, then the above obligation to be null and void, otherwise to remain in full force and virtue.

"Missouri and Illinois Coal Co.

"By W. S. Scott, Vice President (Seal)

"The Title Guaranty & Surety Company

"By Edwin Cott, Third Vice-President (Seal)

"Approved by me this 5th day of March, 1906.

"C. E. Chamberlain, Circuit Clerk."

The declaration was in debt in the name of Wm. J. Reichert and Charles Becker as plaintiffs, and after reciting the conditions of the bond alleged as a breach thereof, that said judgment was afterwards by said Appellate Court affirmed and had not been paid by the said Coal Company.

The defendants interposed the plea of *nil debet* and special pleas in which it was averred there was no record remaining in said court of the supposed recovery mentioned in the declaration and the defendant Title Guaranty & Surety Co. pleaded also that the bond was made to secure the payment of a judgment in favor of Wm. J. Reichert alone against the Coal Company and not to secure the payment of the judgment in favor of Wm. J. Reichert and Charles Becker against the Coal Company, and at the time the bond was executed, there was no judgment in said court in favor of both Reichert and Becker; that after the bond was executed and without the consent or knowledge of said defendant and without notice to it, a judgment was rendered in the Appellate Court in favor of plaintiffs, Wm. J. Reichert and Charles Becker, against the Coal Company, and that the original judgment from which the appeal was taken and for which the bond was given, was vacated, set aside, altered, modified and held for naught.

A demurrer was filed to said special pleas which by consent was to be settled with a hearing on the merits

by the court, a jury being waived. The record shows no final disposition of this demurrer and this is assigned for error by appellants.

The demurrer to the pleas not being disposed of, left the pleas interposed as defenses to the declaration and no complaint is made by appellants that any proper evidence was offered in support of the pleas and not admitted. Nor did appellants ask the court to dispose of the demurrer on the hearing. Appellants cannot complain of the state of the record in this regard.

The main contention is, there was no such judgment in the St. Clair Circuit Court as is alleged in the declaration and recited in the bond; that a judgment in favor of Wm. J. Reichert and Charles Becker is so averred and recited when the judgment there was in favor of Wm. J. Reichert alone and that after the bond was given, without the consent of the surety, the judgment was changed and modified in this court to fit the conditions of the bond which amounted to a reversal of the judgment.

The testimony shows that in the original suit in which this appeal bond was given, Wm. J. Reichert and Charles Becker were plaintiffs and The Missouri and Illinois Coal Company were defendants. It further shows it is recited in the appeal bond sued on in this cause, that said Reichert and Becker were plaintiffs and they recovered the judgment against the said Coal Company from which said appeal was prosecuted in this court. And it is further shown that in this court by its final order, the judgment was affirmed in favor of plaintiffs, Wm. J. Reichert and Charles Becker. The evidence identifies such final judgment in this court as being the same cause in which the appeal bond was executed.

We think it appears from the testimony that the clerk of the Circuit Court in entering the record of the judgment from which the appeal was taken, entered it in favor of Wm. J. Reichert as plaintiff only, but upon its affirmance by the Appellate Court, it was there

modified so that it was entered in favor of Wm. J. Reichert and Charles Becker. Upon what grounds the modification was made or upon what notice does not appear but all presumptions will be indulged in support of the action of the Appellate Court in so entering the judgment.

Moreover, the cause being the same in which the appeal bond was given, and it being recited in the appeal bond that both Reichert and Becker were plaintiffs in favor of whom judgment appealed from was rendered, the appellants should not be permitted now under the circumstances disclosed to say there was no such judgment.

The cause was heard by the trial court on September 25, 1908. Afterwards, on October 29, 1908, leave was given appellees to introduce additional evidence to show the non-payment of the judgment, which was done. This action of the court is assigned for error. The additional testimony was heard at the same term and it was proper for the court in its discretion to hear it. Appellants had the right to introduce additional evidence and also to file additional briefs if they desired. And not having availed of this right, they cannot complain.

We are of opinion the evidence sustains a judgment for the sum of $1,441.34 shown to be due on November 23, 1908, by the testimony of Reichert and the judgment rendered was for the sum of $1,471.34. The judgment will be reduced to the sum of $1,441.34 and affirmed for that amount.

*Affirmed.*